[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Amended Complaint dated May 31, 1997 and filed July 18, 1997, the Plaintiffs, City of Danbury, Zoning Commission of the City of Danbury and Wayne Skelly, Zoning Enforcement Officer of the City of Danbury, bring this action against the Defendant, Carl R. Sayers, seeking enforcement of a Cease and Desist Order issued by the said Wayne Skelly on May 19, 1995.
The Amended Complaint specifically alleges that certain real property owned by the Defendant and identified as 25 Miry Brook Road, Danbury, Connecticut, lies within an IL-40 Zone. The Amended Complaint further alleges that the said Zoning Enforcement Officer Skelly inspected the said real property and found that the Defendant Sayers was in violation of certain Zoning Regulations, specifically, Section 10.B.1.(3), Section 6.A.2.c and Section 3.F.(5) in that the Defendant Sayers had changed the use of the said real property from a single family residence to the use of storage of construction equipment, CT Page 364 trucks, trailers and other vehicles without obtaining the proper permits and approvals; and in that the Defendant Sayers, has stored and continues to store construction equipment, trucks, trailers and other vehicles without obtaining the necessary permits and approvals.
The Amended Complaint further alleges that Skelly thereafter issued a Cease and Desist Order dated May 19, 1995 and that the Defendant Sayers has failed, refused and neglected to comply with the said Cease and Desist Order. The Amended Complaint further alleges that the City of Danbury and residents will suffer irreparable harm from the Defendant's violations and his flagrant disregard of the zoning regulations.
The Defendant has failed to file an Answer to the Amended Complaint dated May 31, 1997 and filed July 18, 1997. In accordance with the provisions of Practice Book Section 10-61, the Answer in narrative form as filed by the Defendant Sayers on July 17, 1995 before he was represented by Counsel, shall be regarded as applicable, so far as possible, to the Amended Complaint. The Court considers the narrative Answer as filed by the Defendant Sayers to be a general denial of the allegations of the Amended Complaint.
This case is governed by the Zoning Regulations of the City of Danbury. Although the Defendant has argued that because the Plaintiff offered no such Zoning Regulations as evidence during the trial of the matter, there are no regulations before the Court upon which the Court could base any decision that there was a violation the Court notes that the regulations are properly before the Court and may be considered by the Court by virtue of the fact that Mr. Skelly at trial made reference to and testified from and about the subject Zoning Regulations both on direct and cross examination. The Defendant has failed to provide the Court with any authority for the position that the fact that the Regulations were not admitted into evidence at trial prevents the Court from making reference to said Regulations in rendering its decision in this matter.
At trial, testimony was received from the Plaintiff Zoning Enforcement Officer, Wayne Skelly, and the Defendant, Carl R. Sayers.
Based upon the exhibits submitted at trial and based further upon the testimony of the witnesses and the Court's assessment of CT Page 365 the credibility of those witnesses, the Court makes the following findings:
1. The real property in question is located in an IL-40 Zone, and is identified as 25 Miry Brook Road, Danbury, Connecticut. The said real property is owned, and at all times applicable to this action was owned and controlled, by the Defendant, Carl R. Sayers.
2. Prior to the Defendant, Carl R. Sayer's ownership of the said 25 Miry Brook Road real property said real property was used as a residence.
3. After he took ownership of the said 25 Miry Brook Road real property, the Defendant, Carl R. Sayers, changed the use of said real property from a residential use to uses other than a residential use, including, but not limited to, commercial uses including allowing the operation of a plumbing business on the premises, the storage of construction equipment, including dump trucks, bulldozers, backhoes, pipe, screening equipment and other construction equipment, and the storage of other equipment including trailers, storage containers and storage trailers.
4. The City of Danbury issued a Cease and Desist Order as to the said real property on May 19, 1995, claiming certain violations of the Danbury Zoning Regulations, and specifically asserting that "The property has changed from exclusive use as a single family residence to its present condition, without proper permits and required approvals. These conditions violate Sections 10.B.1.(3); 6.A.2.c; and 3.F.(5) of the Zoning Regulations of the City of Danbury". (Trial Exhibit Plaintiff's #1)
5. Between the date of the issuance of the cease and desist orders and the time of trial, the use of the real property in question has been changed without obtaining the required Zoning approval in violation of the Zoning Regulations of the City of Danbury.
6. Between the date of the issuance of the cease and desist order and the time of trial, construction equipment has been stored on the subject real property in violation of Section 3.F.(5) of the Zoning Regulations of the City of Danbury and without a Special Permit in violation of Section 6.A.2.c of the Zoning Regulations of the City of Danbury. CT Page 366
7. Between the date of the issuance of the cease and desist order and the time of trial, the Defendant Carl R. Sayers has changed the use of the land, buildings or structures on the subject real property from a residential use to its present mixed use including commercial, residential, storage and other uses all without having obtained the requisite Zoning Permits in violation of Section 10.B.1.a.(3) of the Zoning Regulations of the City of Danbury.
8. The Defendant Carl R. Sayers never appealed the issuance of the said Cease and Desist Order and never sought or obtained Zoning approval for any change of use of the subject real property.
It is therefore ordered that the defendant shall within ninety (90) days of the date of this order cease and desist from all uses of the subject real property other than the permitted residential use that existed at the time the Defendant acquired the said real property. It is further ordered that the Defendant shall remove all construction equipment, storage containers, storage trailers and trailers from the subject real property within sixty (90) days of the date of this order under a civil penalty of $100.00 per day for each day that this order is violated.
With the exception of any unregistered motor vehicle that may also be classified as construction equipment, a storage container, a storage trailer or a trailer, because the Cease and Desist Order as issued in this matter by the City of Danbury on May 19, 1995 makes no reference to the improper or unlawful storage of unregistered motor vehicles on the subject real property, the Court makes no order with respect to the removal of such unregistered motor vehicles.
As regards any claim by the Defendant that he is unable to determine what equipment constitutes "construction equipment" within the meaning of this decision because the Danbury Zoning Regulations do not provide a definition for the term "construction equipment", the Court will be guided by the plain and ordinary meaning of the term "construction equipment".
Merriam Webster's Collegiate Dictionary, Tenth Edition, defines "equipment" as being "the implements used in an operation or activity" and it defines "construction" as being "the process, art or manner of constructing something". Accordingly, the Court CT Page 367 finds, that within the meaning of this decision, "construction equipment" is the equipment or implements used in the process of constructing something.
"Construction equipment" may not simply be limited to those items that the Defendant has identified in his brief as being "yellow metal" items. If there shall be any dispute between the parties as to what constitutes an item of "construction equipment" within the meaning of this decision, any such dispute on any particular item of equipment shall be returned to this Court for a determination thereon.
BY THE COURT
CARROLL, J.